UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOELLE L. TAYLOR,

           Plaintiff,

v.                                             Civil Action No. 3:10CV737

SYNERGETIC COMMUNICATION, INC.,

Serve:  CT CORPORATION SYSTEM
         Registered Agent
         350 N. St. Paul Street, Suite 2900
         Dallas, Texas 75201

           Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

### III. PARTIES

3. Plaintiff, Noelle Taylor, is a natural person residing in Manassas, Virginia.

4. Defendant, Synergetic Communication, Inc., is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Post Falls, Idaho. One of the principal purposes of Synergetic Communication, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

6. In early 2006, Plaintiff and her ex-husband David Stroup, obtained a car loan with GMAC.

7. In July 2008, Plaintiff made her last payment to GMAC. Some time after this date, GMAC assigned the debt to Defendant.

8. On April 15, 2010, Plaintiff received a phone call on her cell phone from a female collector employed by Defendant. Defendant stated that they had "reached a settlement with GMAC" and had tried to get Plaintiff's ex-husband to pay the debt but were unable to get him to make a payment. Defendant stated that they had a payment plan worked out for Plaintiff for $1,295 a month for three months. Plaintiff stated that she would try to make the payments. A partial payment was due at the end of April 2010. During this call, Plaintiff provided Defendant with her bank account information. At no

point during this call or within five (days) after this call did Defendant state that Plaintiff had thirty (30) days to dispute the debt, required by §1692(g)(a).

9. At the end of May 2010, Plaintiff called Defendant and stated that she did not think she could make a full payment of $1,295 as agreed. Despite Plaintiff notifying Defendant that she did not have the money to make this payment, Defendant attempted to take the money out of her account electronically, but the funds were not available for the withdrawal.

10. Defendant contacted Plaintiff's ex-husband, David Stroup (hereinafter "Mr. Stroup"), and asked him to make payments towards the debt. Defendant then called Plaintiff and stated "Mr. Stroup said he would sue you if he had to be responsible for any of the debt."

11. On June 15, 2010 around 11:30 a.m., a collector who called himself "Ricky," employed by Defendant, called Plaintiff while she was at work and told Plaintiff that since she had written a bad check she needed to pay the amount within a couple of weeks. "Ricky," calling on behalf of Defendant, stated that her ex-husband was putting a warrant out for her arrest and she could be sued. Plaintiff told "Ricky" that she was at work and that she could not talk right now. "Ricky" ignored her request and kept talking so Plaintiff hung up on "Ricky."

12. Despite Plaintiff's request to stop contacting her while at work, because her employer did not permit this, within the next several days, "Ricky" called the Plaintiff at least two more times during the middle of the day while Plaintiff was at work. Plaintiff answered and she told him that she was at work and he stated "You need to take care of

this right now." He continued to harass her and would not let her get off the phone. She repeated that she was at work and could not have a conversation at this time and to stop calling her. He would not end the conversation so she hung up on him.

13. Later that week, a collector for Defendant who called herself "Quanisha Jones" called Plaintiff and left a voice mail. Plaintiff returned Defendant's phone call and spoke to "Quanisha Jones." "Quanisha Jones" and Plaintiff agreed to a payment plan of $695 for four months, after which the debt would be paid in full.

14. On June 10, 2010, Defendant received via email a copy of the payment plan she had negotiated with Defendant. A copy is attached as **EXHIBIT A**. On June 23, 2010, Defendant sent an email with payment instructions. This email did not state that this was a "communication from a debt collector" as required by §1692(e)(11). A copy is attached as **EXHIBIT B**.

15. Plaintiff made both the June 2010 payment and the July 2010 payment.

16. Plaintiff and her ex-husband made contact and he agreed to make the last payments since he owed her some money.

17. On July 12, 2010, Plaintiff sent Defendant an email requesting that they stop contacting her because her ex-husband would be making the last payments.

18. On July 12, 2010, Plaintiff's ex-husband emailed Plaintiff stating that he had discovered that even after the last payment was made to Defendant, according to the payment plan between Plaintiff and Defendant, he would still owe an additional $2,700. This was not the understanding Plaintiff had with Defendant, nor what Plaintiff had communicated to her ex-husband.

4

19. Since Plaintiff felt that she had been lied to about the agreed upon payment plan, Plaintiff stopped making payments to Defendant.

20. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Communicating with persons other than my client, specifically her ex-husband, <u>for purposes other than to locate my client</u>. §1692b(1 & 3);

b) The use of deceptive means to collect or attempt to collect a debt including stating to Plaintiff that her ex-husband would sue her for the amount she owed if she did not pay Defendant and misrepresenting to Plaintiff the settlement plan agreed upon between Plaintiff and Defendant §1692(e)(10);

c) Failing to disclose in the initial communication of April 15, 2010, nor within five days thereafter that the alleged debtor has thirty days to dispute the debt §1692(g);

d) Communicating with the debtor at places known to be inconvenient to my client, including her place of employment despite being repeatedly told to stop §1692c(a)(1&3);

e) Engaging in conduct of which the natural consequence is to harass, oppress, or abuse and causing my client's telephone to ring with intent to annoy, abuse, or harass by a collector for Defendant who called himself "Ricky"§1692d(2)(5);

## V. FIRST CLAIM FOR RELIEF

21. Plaintiff repeats, realleges and incorporates by reference the preceding paragraphs

22. Defendant violated the FDCPA as noted above.

23. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's actual damages, statutory damages, costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

C. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

                                                **Respectfully submitted,**
                                                **NOELLE L. TAYLOR**

                                                Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff